Argued September 12, affirmed September 26, 1962

SPRINGSTEAD *v.* LINCOLN CASUALTY
INSURANCE COMPANY

374 P. 2d 751

*Charles D. Burt,* Salem, argued the cause for appellant. On the brief were Burt & Ertsgaard, Salem.

*Myron L. Enfield,* Salem, argued the cause for re-

spondent. On the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Lusk, Justices.

SLOAN, J.

In this case it is necessary to interpret some of the provisions of the Financial Responsibility Act, Chapter 486 of ORS. The trial court sustained a demurrer to the complaint. Plaintiff appeals.

The pertinent allegations are these: In 1959 defendant issued to plaintiff its policy of liability insurance. The policy was issued to satisfy the requirements of the Act to enable plaintiff to retain his driver's license. When issued, the policy protected plaintiff as the owner of a motor vehicle. Later the policy was amended by a rider which reduced the coverage to protect plaintiff as an operator only. There was a corresponding reduction of premium. Later plaintiff was involved in an automobile accident in which two persons were killed. Plaintiff owned the car involved in the accident. Actions were brought against plaintiff for the alleged wrongful deaths. He tendered the defenses of the actions to defendant. Defendant refused to defend. Plaintiff did defend and judgments were rendered against him. He then brought the instant case seeking to compel defendant to pay the judgments.

The question to be decided is: Does the Act require that the policy of insurance which may be filed to establish financial responsibility be an owner's policy? Or may it be a policy which covers the person only in respect to the use of vehicles not owned by him?

To establish his contentions that the policy must be an owner's policy, plaintiff looks to ORS 486.511 which reads:

"The department shall not accept any certificate or certificates unless all vehicles are covered that are registered in the name of or operated by the person furnishing such proof, except vehicles in storage, the current license plates and registration cards for which have been surrendered to the department."

It must be conceded that the section can be read to indicate that the policy must protect the person as an owner. And it must also be recognized that the policy must conform to the statute. ORS 486.541.

If this were the only section of the Act which refers to the kind of insurance that can be supplied and if this were the only provision of the Act which specified the requirements that must be met to obtain restoration of a driver's license we would, perhaps, accept plaintiff's interpretation as a correct one. However, other sections of the Act compel the conclusion that either an owner or an operator's policy will suffice to satisfy the Act's requirements.

ORS 486.011 (7) provides that:

" 'Future responsibility' means the ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of the proof thereof arising out of the ownership, operation, maintenance or use of a vehicle in the amount of:"

If it were intended that the policy must cover ownership, operation, maintenance *and* use of a vehicle, the Act would have said "and" instead of "or."

ORS 486.291 specifies what a person must do to have a suspended or revoked driver's license restored. Subsection (2) permits one to file proof of financial responsibility "* * * with respect to all vehicles registered in his name as owner, or, if no vehicles are registered to him, then with respect to all vehicles operated by him."

ORS 486.411 defines the methods of proving future financial responsibility. Subsection (1) refers to doing so by providing liability insurance. It reads:

"A certificate of insurance issued by an insurance carrier doing business in this state, showing that the insured has procured and that there is in effect a motor vehicle liability policy for the limits of future responsibility either (a) a designating by explicit description or by appropriate reference all motor vehicles with respect to which coverage is granted thereby and insuring such person and all other persons using any such motor vehicle or motor vehicles with his consent against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of said motor vehicle or motor vehicles, or (b) insuring such person against such loss arising out of the use by him of any motor vehicle not owned by him;"

ORS 486.426 directs the Department of Motor Vehicles to require additional proof of future responsibility when that provided is no longer adequate. If further proof is not forthcoming the person who has failed to respond will lose his operator's permit and registration of any vehicle he may own. The Department is, then, the watchdog to insure proper coverage, not the insurance company. If a person who has provided the Department with an operator's policy subsequently acquires ownership of a vehicle, the Depart-

ment presumably will refuse to register the vehicle until proper insurance coverage is provided. How effective this may be as a means of control we cannot know. It did not operate in the situation at hand. But we cannot add to the legislative fixing of that responsibility.

ORS 486.506 tells what the contents of the certificate of insurance must include. Subsection (1) (c) says the certificate must "Describe all vehicles covered by the policy, unless such policy is issued with respect to all vehicles operated by the assured."

Finally, if it had been the legislative intent to require a policy that would cover both the owner and an operator the use of the simple words "any vehicle" would have accomplished that purpose. Much of the language in the sections we have referred to could have been eliminated.

■ An examination of the sections cited readily discloses that plaintiff's interpretation of ORS 486.511 would put it in conflict with the other sections we have mentioned. It is axiomatic that our function is to so construe that conflicts are to be avoided. And, most certainly, we cannot alter the policy adopted by the legislature to achieve the intended result. We are aware that the problems of providing the insurance required by this Act involves complexities not apparent on the face of the Act alone. Significant to this kind of situation we think the members of the legislature could have been aware that many persons would become subject to the Act who operated vehicles as chauffeurs only. The duty and ability of the Department to be alert to a change of status was, no doubt, deemed adequate protection against a person who provided coverage as an operator only and who subsequently became an owner. Citation to cases from other

jurisdictions is of little aid. The statutes vary. We must look to the Act as it was written here.

■ We construe ORS 486.511 to mean that the certificate may be accepted by the Department if it protects the person either as an owner or as an operator only. We think this to be the expressed intent of the Act.

Judgment affirmed.